# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**BRIAN A. COLLINS,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0425** (BOR Appeal No. 2053721)
(Claim No. 20160054411)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian A. Collins, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Alpha Natural Resources, Inc., by Counsel H. Toney Stroud, filed a timely response.

The issue on appeal is entitlement to temporary total disability benefits. On February 28, 2018, the claims administrator issued an Order closing the claim for temporary total disability benefits. On April 14, 2018, the claims administrator issued another Order closing the claim for temporary total disability benefits. The Workers' Compensation Office of Judges ("Office of Judges") affirmed both Orders on December 7, 2018. This appeal arises from the Board of Review's Order dated April 3, 2019, in which the Board of Review affirmed the December 7, 2018, Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins filed an application for benefits on August 21, 2015, after sustaining a foot injury while working as a mine foreman for Alpha Natural Resources, Inc. He sought treatment at MedExpress Urgent Care. An examination by Tommy Holbrook, D.O., showed abnormal range of motion during flexion, extension, inversion and eversion of the ankle as well as swelling of the ankle. The left lateral malleolus was tender to palpation. The assessment was sprain of an unspecified ligament of the left ankle. Mr. Collins was unable to work, and the anticipated return to work was established as August 25, 2015. He returned to Dr. Holbrook on August 29, 2015,

1

for a follow-up examination. Mr. Collins complained of constant pain and reported that he could not bend the last three toes on his left foot. On September 1, 2015, the claims administrator entered an Order rejecting the claim. Mr. Collins protested the claims administrator's decision to reject his claim. In a Decision dated November 1, 2015, the Office of Judges reversed the September 1, 2015, claims administrator Order rejecting the claim. The Office of Judges ordered that the claim be held compensable for the condition of a sprain of unspecified ligament of the left ankle.

Mr. Collins underwent a left ankle MRI on September 3, 2015. The MRI revealed the following: "1. Tendinopathy of the peroneus longus. Early split tear in the inframalleolar portion; 2. Tendinopathy of the peroneus brevis; 3. Sinus tarsus ligaments are well seen; 4. Contusion of the medial malleolus, medial aspect of the talus, medial aspect of the navicular, and the sustentaculum talus; 5. Chronic fibrosis of the Achilles." A second MRI performed on May 1, 2017, revealed marked improvement in appearance of the anterior talofibular ligament and the calcaneofibular ligament. The partial thickness tear of the peroneus longus was stable in location and size compared to the prior study. Mr. Collins was eventually diagnosed with a partial thickness tear of the peroneus longus and surgery was performed by Dr. Gosselink to repair the tear on July 21, 2017. The preoperative and postoperative diagnoses were peroneus longus tendon tear of the left ankle and left lateral ankle instability.

By letter dated February 8, 2017, Mr. Collins requested temporary total disability benefits from August 21, 2015, through October 18, 2015. The claims administrator denied the request for temporary total disability benefits on April 26, 2017. Mr. Collins protested the decision which denied his request for temporary total disability benefits from August 21, 2015, through October 18, 2015. However, he was subsequently granted temporary total disability benefits from January 4, 2018, through March 6, 2018.

Mr. Collins was treated by Dr. Gosselink on January 23, 2018, for a follow-up examination for his ankle. Dr. Gosselink reported that his condition had improved. However, Dr. Gosselink noted that Mr. Collins had an incident in physical therapy where he felt a pop on the lateral aspect of the ankle and had three to four days of increased pain and swelling. The impression was left ankle sprain and disorder of left ankle ligaments. Mr. Collins was to continue with physical therapy for an additional six weeks. Dr. Gosselink believed that he was still unable to perform full duty work, and he was referred to a work hardening program. Dr. Gosselink stated that he could return to work and progress to full duty as tolerated.

By Decision of the Office of Judges dated February 8, 2018, the claims administrator's May 3, 2017, Order denying the request for temporary total disability benefits for the period of August 21, 2015, through October 18, 2015, was affirmed. The Office of Judges based its decision upon the preponderance of the evidence showing that Mr. Collins was not working due to voluntarily leaving his employment with Alpha Natural Resources, Inc., and not because of the injury he sustained on August 21, 2015.

The claims administrator, in a letter dated February 8, 2018, notified Mr. Collins that his temporary total disability benefits would be suspended if he did not provide the required information to demonstrate his continued eligibility for temporary total disability benefits. On

February 28, 2018, the claims administrator entered an Order closing the claim for temporary total disability benefits on the basis that Mr. Collins did not submit the required information and due to the decision by the Office of Judges dated February 8, 2018, affirming the denial of temporary total disability benefits. Mr. Collins protested the claims administrator's Order.

Mr. Collins had a follow-up with Dr. Gosselink on March 6, 2018. Although he had a small setback in therapy where he had an episode of his ankle popping and swelling, Mr. Collins reported that he was doing a lot better. Dr. Gosselink referred him to two additional weeks of physical therapy and a functional capacity evaluation was recommended. If his condition did not improve, he would be referred to a work hardening program. Dr. Gosselink found that Mr. Collins could return to work as tolerated.

Mr. Collins underwent a functional capacity evaluation on March 13, 2018. He demonstrated the ability to perform 74.9% of the physical demands of his job as a foreman. The report stated that Mr. Collins put forth full effort during the evaluation. He demonstrated the ability to perform within the medium physical demand category, which matches his job's demand category as a foreman. On that same date, Mr. Collins was treated by Dr. Gosselink for a follow-up examination for his foot and ankle. Dr. Gosselink reported that Mr. Collins is doing better but continues to have some pain with certain movements, particularly when going up on his toes or squatting. Dr. Gosselink recommended a work hardening program, and a work note was created stating that he should not twist/bend or squat/kneel.

On March 27, 2018, Mr. Collins was examined for an independent medical evaluation by Joseph Grady II, M.D., who assessed Mr. Collins with status post repair of peroneus longus tendon tear and anchoring of the anterior talofibular and calcaneofibular ligaments. Dr. Grady stated that he had reached maximum medical improvement. It was noted that Mr. Collins was not receiving any maintenance care at the time. Dr. Grady further noted that Mr. Collins was self-employed and was continuing to work throughout that time period since he never returned to his previous job as an underground coal miner. Dr. Grady reported that Mr. Collins was working without any reported restrictions. Referencing the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady found 4% whole person impairment.

On April 10, 2018, Mr. Collins returned to Dr. Gosselink for a follow-up examination. Dr. Gosselink noted that he had been approved for work hardening. Mr. Collins stated that he was ready to go back to full duty work and not participate in the work hardening program. Dr. Gosselink reported that Mr. Collins would return to work with no restrictions and will be seen on an as needed basis. On April 14, 2018, the claims administrator issued another Order closing the claim for temporary total disability benefits. Mr. Collins protested the claims administrator's decision.

Mr. Collins was deposed on May 22, 2018. He testified that he started his own timber business in October 2015, and he performed very little manual labor himself. He stated that he hired other people to operate the equipment for him after he started the company. Mr. Collins further testified that he eventually returned to operating equipment himself, but for the period of July 2017 to April 2018, he did not perform physical work. Instead, he handled paperwork and

3

administrative duties. Mr. Collins testified that he continues to have troubles with his foot, and he has problems balancing himself with his left foot. He testified that his temporary total disability benefits were intermittent from the time of his surgery until February 2018. His company did not pay him any wages during that period of time. He also stated that he did not receive any wages or salary from his company while he was receiving temporary total disability benefits.

The issue was then submitted to the Office of Judges and by decision dated December 7, 2018, the claims administrator's Orders dated February 28, 2018, and April 14, 2018, were affirmed. The Office of Judges found that Mr. Collins did not submit sufficient evidence to show that he was entitled to temporary total disability benefits. It was noted that on March 6, 2018, Dr. Gosselink stated that Mr. Collins could return to work as tolerated and the functional capacity evaluation on March 13, 2018, demonstrated that he was able to perform within the medium physical demand category which matched his job demand category. Further, the Office of Judges found that Dr. Grady determined that Mr. Collins had reached his maximum degree of medical improvement for his compensable injury. The Office of Judges also referenced a prior ruling of the Office of Judges dated February 8, 2018, which denied temporary total disability benefits. The Office of Judges concluded that the medical evidence is insufficient to find that Mr. Collins is entitled to temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated April 3, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. There is no evidence to entitle Mr. Collins to additional temporary total disability benefits in the claim. The medical evidence shows that he was released to return to work by Dr. Gosselink on March 6, 2017, and he was found to have reached his maximum medical improvement by Dr. Grady on March 27, 2018. The record also establishes that Mr. Collins did not return to work as an underground coal miner. Instead, he founded his own independent business which he has operated continuously since October 2015. Although he testified that he did not take a salary during this time period, he did work in a management capacity and performed management duties. The fact that he chose not to draw a salary from his company for a period does not negate the fact that he did return to work and would therefore not be entitled to additional temporary total disability benefits under West Virginia Code § 23-4-7(a)(e)(4).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison